IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LYNNSEY BETZ, | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>)<br>) Case no. 18-6079 |
| EDWARD BEARDEN,<br>VEVIA STURM,<br>JOHN OR JANE DOE #1, and<br>JOHN OR JANE DOE #2,<br>    All named individuals in their<br>    Individual Capacities, | )<br>)    JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff Lynnsey Christie Betz (hereinafter "Plaintiff"), by her attorneys, as and for her Complaint, hereinafter states and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff was harassed, abused and sexually assaulted by Corrections Officer Edward Bearden while she was confined at the Chillicothe Correctional Center, a women's prison in Missouri. Other prison officials knew or should have known he was sexually assaulting Plaintiff and did nothing to prevent or stop the attacks. Plaintiff has suffered severe physical and emotional trauma due to the actions of all Defendants.

2. Plaintiff brings this action pursuant to 42 U.S.C §1983, seeking compensatory damages and punitive damages against all Defendants for violations of her constitutional rights while acting under color of state law, together with reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**JURISDICTION AND VENUE**

3. Jurisdiction of the Court is properly invoked pursuant to federal question jurisdiction under 28 U.S.C. §§1331 and 1343(a)(3) and (4) and the aforementioned statutory provisions.

4. Plaintiff's claim for attorney's fees and costs is authorized by 42 U.S.C. § 1988.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2). All actions alleged herein occurred in Chillicothe, Missouri, which is located in the Western District of Missouri.

**PARTIES**

6. Plaintiff was at all relevant times an inmate of the Chillicothe Correctional Center, a facility of the State of Missouri Department of Corrections.

7. Defendant Edward Bearden (hereinafter "Bearden" or "Defendant Bearden") was at all relevant times a Corrections Officer at the Chillicothe

Correctional Center. He is still employed at the prison. Defendant Bearden is sued in his individual capacity.

8.  Defendant Vevia Sturm (hereinafter "Sturm" or "Defendant Sturm") is the Prison Rape Elimination Act supervisor for the Missouri Department of Corrections. She is sued in her individual capacity.

9.  Defendant John or Jane Doe #1 is the individual responsible for implementation of the Prison Rape Elimination Act at the Chillicothe Correctional Center. He or she is sued in his or her individual capacity.

10. Defendant John or Jane Doe #2 is the Supervisor of Edward Bearden. He or she is sued in his or her individual capacity.

## FACTS

11. Plaintiff was sentenced to the Missouri Department of Corrections for burglary and stealing and served a term of two years at the Chillicothe Correctional Center, with the term ending in July of 2016.

12. Plaintiff's first contact with Defendant Bearden was during Plaintiff's last year at the prison in the spring of 2016.

13. Plaintiff worked in the vocational tech department as her prison job.

14. There are no cameras in the vocational tech department office, or the supply closet which houses supplies for the workers of that office.

15. Defendant Bearden began harassing Plaintiff in the spring of 2016 by making comments about her appearance, including, for example, "I like the way your ass moves."

16. On one occasion in spring 2016, Plaintiff had to pass through a doorway to an office where Defendant Bearden was standing. Defendant Bearden partially blocked her path so that she would have to turn to the side to pass through the doorway. While doing so, Defendant Bearden grabbed her crotch.

17. This assault shocked and disturbed Plaintiff.

18. This assault was witnessed by another offender.

19. Plaintiff asked this other offender to stay near her in the future so Defendant Bearden could not attack her again.

20. The next day, Plaintiff had to go to a supply closet to fill up a mop bucket with water. There are no surveillance cameras in the supply closet.

21. While in the supply closet, Defendant Bearden entered the room behind Plaintiff. He put his hand over her mouth and turned her around to face him.

22. Next, Defendant Bearden kissed Plaintiff against her will.

23. Defendant Bearden then forcefully pushed Plaintiff against a wall, causing her head to forcefully strike the wall.

24. Defendant Bearden then attempted to pull Plaintiff's pants down, and began kissing her again.

25. Plaintiff struggled to get free of Defendant Bearden. She pushed his hands off of her and used other means to get free.

26. Then Defendant Bearden placed his hands inside her pants and under her underwear.

27. Defendant Bearden then penetrated her vagina with his fingers.

28. After a continued struggle, Plaintiff eventually worked herself free and got out of the supply closet.

29. After this attack, Plaintiff had bleeding and pain from her vagina.

30. Plaintiff was physically and emotionally injured by this attack.

31. All of these actions were without the consent of Plaintiff, were unwanted and unwelcome, and caused her serious emotional and physical harm.

32. Plaintiff did not report these attacks to any prison officials because she did not think she would be believed, and because she knew it was prison policy that women who complain of sexual assaults by guards to be sent to "the hole," which is solitary confinement. In solitary confinement, women lose the right to see their families and to participate in prison programs.

33. Plaintiff feared that if she reported the attacks, she would no longer be able to receive visits from her daughter.

34. Upon information and belief, Defendant Bearden continues to work for Chillicothe Correctional Center as a Corrections Officer.

35. All of Defendant's Bearden's actions were done under color of state law.

36. Upon information and belief, Defendants Vevia Sturm, John or Jane Doe #1, and John or Jane Doe #2 knew or should have known that Defendant Bearden was sexually assaulting Plaintiff. It was their duty to discover and prevent sexual assaults of offenders at all Missouri penal institutions. All of their actions were done under color of state law.

## SECTION 1983 CLAIMS

### COUNT I - DEFENDANT BEARDEN'S SEXUAL MISCONDUCT VIOLATED THE 8TH AMENDMENT
### (AGAINST DEFENDANT BEARDEN)

37. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 36 above as fully set forth herein.

38. Defendant Bearden, at all relevant times, acted under color of state law.

39. The acts and conduct of Defendant Bearden were calculated to and did deprive Plaintiff of her clearly established right to be free from cruel and unusual punishment in the form of violent bodily intrusion.

40. As a direct and proximate result of the acts and conduct of Defendant Bearden, Plaintiff suffered serious bodily pain, injury, and emotional distress.

41. The acts and conduct of Defendant Bearden were committed unlawfully, intentionally, and with malice or reckless disregard for the rights of Plaintiff.

### COUNT II  THE FACILITATION BY STURM AND DOES #1 AND #2 OF DEFENDANT BEARDEN'S SEXUAL MISCONDUCT VIOLATED THE 8TH AMENDMENT
### (AGAINST STURM AND JOHN OR JANE DOE #1 AND JOHN OR JANE DOE #2)

42. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 41 above as fully set forth herein.

43. At all relevant times, Sturm and Does #1 and #2 were acting under color of state law.

44. At all relevant times, Sturm and Does #1 and #2 were performing governmental functions.

45. Defendants Sturm and Does #1 and #2 were responsible for the prevention of sexual violence against offenders in Missouri's correctional facilities, and through their acts and omissions, facilitated the rape and sexual abuse of Plaintiff.

46. By their policies, practices, acts and omissions, Defendants Sturm and Does #1 and #2 caused Plaintiff to be subjected to sexual assaults in violation of her rights under the Eighth Amendment.

47. Upon information and belief, Defendants Sturm and Does #1 and #2 were specifically aware of widespread allegations of sexual misconduct at Missouri penal institutions.

48. Upon information and belief, Defendants Sturm and Does #1 and #2 were specifically aware of allegations of sexual misconduct by Defendant Bearden prior to and during the course of his abuse of Plaintiff.

49. Defendants Sturm and Does #1 and #2 knew that staff who rape and sexually abuse inmates routinely utilize physical areas outside the view of monitored security cameras and other staff.

50. Defendants Sturm and Does #1 and #2 failed to employ obvious measures to reduce the risk of rape and sexual abuse of incarcerated inmates by corrections officers.

51. The pattern of sexual abuse by prison staff and the failure or refusal of Defendants Sturm and Does #1 and #2 to operate, supervise, maintain and control its operations properly and to take action to curb the misconduct, demonstrates a policy of deliberate indifference which tacitly authorized the abuse of Plaintiff.

52. The customs, policies, usages, practices, and procedures of Sturm and Does #1 and #2 constituted deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff and were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

53. The customs, policies, usages, practices, and procedures of Sturm and Does #1 and #2 were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

54. Sturm and Does #1 and #2 failed to protect Plaintiff from known and dangerous harm.

55. Sturm and Does #1 and #2 knew of or consciously disregarded the obvious risk of the constitutional harms perpetrated against Plaintiff and failed to intervene, mitigate, or stop the events.

56. Due to Sturm and Does #1 and #2's practices and policies aforesaid, the Plaintiff suffered and continues to suffer physical, psychological and emotional injuries, pain, and suffering.

## JURY DEMAND

57. Plaintiff hereby demands a trial by jury of all issues in this matter.

**RELIEF**

WHEREFORE, Plaintif prays for a Judgment against Defendants, jointly and severally, for compensatory damages in an amount to be determined at trial, punitive damages against all defendants in an amount to be determined at trial, attorney's fees, costs and disbursements pursuant to law, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ John J. Ammann
John J. Ammann, Mo. #34308
Brendan D. Roediger, Mo. #60585
Susan McGraugh, Mo. #37430
Saint Louis University Legal Clinic
100 North Tucker
St. Louis, Mo. 63101
314-977-2778 fax: 314-977-1180
john.ammann@slu.edu
brendan.roediger@slu.edu
susan.mcgraugh@slu.edu

Jenifer C. Snow, Mo. # 67345
Ryan J. Gavin, Mo. #48691
Kamykowski, Gavin & Smith, P.C.
222 S. Central, Suite 1100
St. Louis, Mo. 63105
314-665-3280 fax: 314-762-6721
Jenifer@kgslawfirm.com
Ryan@kgslawfirm.com